IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARY LEE SUTTON,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>SALT LAKE COUNTY, SHON HARDY, TERESA SAS, et al.,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV53DAK<br><br>Judge Dale A. Kimball |

　　　　On August 1, 2011, Defendants Salt Lake County, Shon Hardy, and Teresa Sas filed a Motion for Judgment on the Pleadings.  On August 26, 2011, Defendants also filed a Motion for Rule 11 Sanctions, alleging that Plaintiff's claims are frivolous and without basis in law or fact.  Plaintiff has failed to respond to these motions in accordance with the time deadlines set by this court.  Plaintiff's response to the motion for judgment on the pleadings was due September 1, 2011, and her response to the Motion for Sanctions was due September 12, 2011.  As of the date of this Order, Plaintiff has not opposed either motion or sought any extensions.

　　　　After reviewing the Motion for Judgment on the Pleadings and Plaintiff's Complaint, the court determines that Plaintiff's Fourth Amendment claim is barred by the doctrine of collateral estoppel, this court lacks jurisdiction to consider Plaintiff's claims arising from her arrest and conviction under the *Rooker-Feldman* doctrine, and Plaintiff cannot state a claim for a due

process violation given the bankruptcy court's evidentiary proceedings. Furthermore, Plaintiff has not stated facts showing the personal involvement of Defendants Hardy or Sas in any constitutional violations. Absent such allegations, the court dismisses Plaintiff's claims for failure to state a claim on which relief may be granted. Moreover, there are no factual allegations relating to any policy or practice of Salt Lake County that caused the alleged constitutional violations. Accordingly, Defendants' Motion for Judgment on the Pleadings is granted and Plaintiff's Complaint is dismissed with prejudice.

Defendants argue that sanctions are appropriate because Plaintiff is represented by counsel who should be aware of the elements of a Section 1983 action and the essential allegations for such a claim. The court agrees that Plaintiff's Complaint is conclusory and fails to cite facts in support of those allegations. However, the court declines to impose sanctions under Rule 11. Accordingly, Defendants' Motion for Rule 11 Sanctions is denied.

The court also declines to award Defendants' attorneys fees pursuant to 42 U.S.C. § 1988 for defending against this action. While the claims lack merit, the court does not believe the case was brought in bad faith.

DATED this 28th day of September, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge